UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MATTHEW RANGLIN,

                      Petitioner,

       -against-

WARDEN,

                      Respondent.

1:22-CV-7642 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Petitioner, who is currently incarcerated in the Federal Correctional Institution in Terre Haute, Indiana ("FCI Terre Haute"), has filed this *pro se* submission in which he challenges the Federal Bureau of Prisons's subtraction of 89 days of credit towards the completion of his sentence. For the purposes of this order, the Court construes this submission as a petition for a writ of *habeas corpus*, brought under 28 U.S.C. § 2241, in which Petitioner challenges the execution of his sentence. For the following reasons, the Court transfers this action to the United States District Court for the Southern District of Indiana.

    In order to entertain a *habeas corpus* petition under Section 2241, a court must have jurisdiction over the petitioner's custodian. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494-95 (1973) (writ of *habeas corpus* does not act upon the prisoner who seek relief, but upon his or her custodian). Thus, the jurisdiction to consider a Section 2241 petition challenging a petitioner's physical confinement generally lies in the district of the petitioner's confinement. *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004). Petitioner is currently incarcerated in FCI Terre Haute, which is located in the Southern District of Indiana. Therefore, in the interest of justice, the Court transfers this action to the United States District Court for the Southern District of Indiana. *See* 28 U.S.C. § 1406(a).

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Southern District of Indiana. Whether Petitioner should be permitted to proceed further without payment of fees, or without an original signature in his submission, are determinations to be made by the transferee court. This order closes this action in this court.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  September 9, 2022
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge